The Honorable John E. Miller State Representative Post Office Box 436 Melbourne, AR 72556
Dear Representative Miller:
This is in response to your request for an opinion concerning a dispute over who is entitled to receive royalty payments for a certain lease of mineral interests. Specifically, you note that a particular family owns eighty acres of land along a river. They, for some unspecified number of years, leased the mineral rights to this land, and received royalty payments on the entire eighty acres. At some additional unspecified time, the river which bordered the property changed its course, and presumably submerged some or all of the eighty acres. You note that Arkla Gas Company, the lessee of the mineral rights, is currently making a determination as to who is entitled to the royalty payments, and has made some preliminary finding that the family is entitled to the royalty on forty-five of the eighty acres, and the State of Arkansas is entitled to the royalties on the remaining thirty-five acres.
You note that the family feels that it is entitled to the royalty on the entire eighty acres, and ask this office to opine upon whether it is so entitled.
It is my opinion that this dispute will depend upon unresolved issues of fact which this office is unable and unauthorized to answer.
It is possible for a landowner to lose proprietorship of his land if it becomes submerged by navigable waters. U.S. v. Turner,175 F.2d 644 (5th Cir. 1949), cert denied 338 U.S. 851 (1949); Bonelli Cattle Co. v. Arizona, 414 U.S. 313 (1973); Younts v. Crockett,238 Ark. 971, 385 S.W.2d 928 (1965).
It should be noted, however, that A.C.A. 22-5-815 provides that:
 (a) The State of Arkansas shall not acquire title to the oil, gas, and other minerals in and under lands covered by navigable waters artificially created by agencies of the United States or the State of Arkansas in any instance where the underlying minerals are not purchased or condemned and compensation paid therefor.
This provision would require that the family be entitled to the royalty payments on the entire eighty acres ONLY if the navigable water submerging their land was artificially created by either the state or federal government. It does not purport to change what appears to be the common law rule that lands submerged by naturally occurring navigable waters belong to the state.
Additionally, the resolution of this dispute may involve the doctrines of accretion and avulsion. Matthews v. McGee 358 F.2d 516
(8th Cir. 1966). Determining which, if either, of these doctrines is applicable is a peculiarly factual matter.
Simply put, even if this office had the authority to act as a factfinder, it would be impossible for this office to make the factual determinations necessary to answer your question without meticulous reference to surveys, land records, testimony of the parties, etc. Nonetheless, we hope that the above citations of relevant law offer general guidance in addressing this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.